Peterson v. Kuehne, 192 Wis. 439.

━━━━━━━━

PETERSON, Respondent, vs. KUEHNE and another, Appellants.

*December 8, 1926—April 5, 1927.*

*Automobiles: Third person injured by person operating car without owner's consent.*

Where the driver of an automobile parked his car at the roadside while he was getting a lunch at a restaurant, and a stranger, against his objection, got into and drove the car away, such stranger was a trespasser, and the driver was not liable for injuries sustained by a third person because of the negligence of the stranger while in control of the automobile.

APPEAL from a judgment of the municipal court of Outagamie county: THEODORE BERG, Judge. *Reversed.*

Personal injury.   The defendant *Kuehne* is a farmer living in the vicinity of Seymour, engaged in the business of buying and selling live stock.   The defendant *Ziesemer* was one of *Kuehne's* employees, and on the day in question was traveling about the country, using the defendant *Kuehne's* Ford car.   As *Ziesemer* approached the unincorporated village of Hofa Park in Outagamie county from the west, he left his car on the south side of a building in which one Presly operated a saloon and restaurant.   Presly's place was situated on the northwest corner of the intersection of the east-and-west highway with the north-and-south highway.   While *Ziesemer* was in Presly's place one Czjakowski got into the Ford car, drove it from the south side of the building around in front of the building where it stood facing the north, Presly's building facing the east. *Ziesemer* strenuously objected to Czjakowski's manipulation of the car and told him to leave it alone.   While *Ziesemer* was waiting for Mrs. Presly to set out a lunch for him, Czjakowski without the knowledge or the consent of *Ziesemer* got into the car, turned it around and drove it south toward the place where he resided.   The plaintiff, *Peterson,* had been in Presly's place a short time prior to the time that Czjakowski turned the Ford car around.   He had started for his home, which was also south of the corners.   Hearing the car, *Ziesemer* hurriedly left the store, ran down the street, overtook Czjakowski in the Ford car, and just as he was getting in or had got into the car and while the car was still under the control of Czjakowski, the car overtook and struck *Peterson* and he sustained the injuries complained of in this action.

The case was submitted to a jury, and the jury found *Ziesemer* guilty of a want of ordinary care in the management and operation of the automobile immediately prior to

the accident; that such want of ordinary care on the part of the defendant *Ziesemer* at the time and place of the accident was the proximate cause of the injury; that the plaintiff was not guilty of any want of ordinary care; and assessed the plaintiff's damages at the sum of $1,800. After verdict the usual motions were made, defendants' motions were denied, and plaintiff had judgment upon the verdict, from which the defendants appeal.

For the appellants there was a brief by *Martin, Martin, Clifford & McHale* of Green Bay and *Rooney & Grogan* of Appleton, and oral argument by *Joseph Martin.*

For the respondent the cause was submitted on the brief of *E. C. Smith* of Appleton.

The following opinion was filed January 11, 1927:

ROSENBERRY, J.   The court found, in addition to the matters found by the jury, that upon the undisputed evidence *Peterson* was injured at the time and place alleged in the complaint; that the automobile of the defendant *Kuehne* was the cause of the injury, and that *Ziesemer* was at the time of the accident in the employment of *Kuehne.* The uncontradicted evidence in the case shows that Czjakowski took the car without the knowledge or consent of *Ziesemer* and that at the time of the accident Czjakowski was still in control of the car. The plaintiff testified: "I am sure Czjakowski had the wheel of the car when it struck me and was driving the car." One Udora Dean testified that both men were seated in the car. Another witness, Anna Paulbicki, testified that one person was in the car and one on the fender, but there was no conflict in the evidence upon the question of who was in control of the car at the time it struck the plaintiff. No one testified that *Ziesemer* authorized Czjakowski to take the car and use it for purposes of his own. Upon the undisputed testimony, therefore, it must be held that Czjakowski was a trespasser and that he alone

is responsible for the injuries sustained by the plaintiff. The defendants' motion for nonsuit and motion to direct a verdict should have been granted.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to dismiss plaintiff's complaint.

A motion for a rehearing was denied, with $25 costs, on April 5, 1927.